**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOHN MCDANIELS, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE** |
| NEXTGEN HEALTHCARE, INC., JEFFREY | ) | **FEDERAL SECURITIES LAWS** |
| H. MARGOLIS, CRAIG A. BARBAROSH, | ) | |
| GEORGE H. BRISTOL, DARNELL DENT, | ) | **JURY TRIAL DEMANDED** |
| JULIE D. KLAPSTEIN, GERALDINE | ) | |
| MCGINTY, MORRIS PANNER, PAMELA S. | ) | |
| PURYEAR, and DAVID SIDES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff John McDaniels ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action against NextGen Healthcare, Inc. ("NextGen" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Thoma Bravo, L.P. ("Thoma Bravo") through its affiliates.[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2.     On September 5, 2023, NextGen entered into an Agreement and Plan of Merger (the "Merger Agreement") with Next Holdco, LLC ("Parent"), and Parent's wholly owned subsidiary, Next Merger Sub, Inc. ("Merger Sub").[2]  The Merger Agreement provides that NextGen stockholders will receive $23.95 in cash per share of Company common stock in connection with the Proposed Transaction.

3.     The Company's corporate directors subsequently authorized the October 6, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.     It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5.     For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the

---

[2] Parent and Merger Sub are each affiliated with Thoma Bravo Discover Fund IV, L.P. (the "Thoma Bravo Fund"), and Parent, Merger Sub and the Thoma Bravo Fund are each affiliated with Thoma Bravo

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for November 7, 2023.

defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of NextGen common stock.

10.      Defendant NextGen is a Delaware corporation with shares that trade on the NASDAQ Global Select Market under the ticker symbol "NXGN." NextGen is a leading provider of innovative, cloud-based, healthcare technology solutions that empower ambulatory healthcare providers to manage the risk and complexity of delivering care in the United States healthcare system. The Company offers technological breadth, depth, and domain expertise, positioning NextGen as a preferred solution provider and trusted advisor for its clients. In addition to highly configurable core clinical and financial capabilities, NextGen's portfolio

includes tightly integrated solutions that deliver on ambulatory healthcare imperatives, including consumerism, digitization, risk allocation, regulatory influence, and integrated care and health equity.

11.     Defendant Jeffrey H. Margolis is and has been Chair of the Board and a director of the Company at all times relevant hereto.

12.     Defendant Craig A. Barbarosh is and has been Vice Chair of the Board and a director of the Company at all times relevant hereto.

13.     Defendant George H. Bristol is and has been a director of the Company at all times relevant hereto.

14.     Defendant Darnell Dent is and has been a director of the Company at all times relevant hereto.

15.     Defendant Julie D. Klapstein is and has been a director of the Company at all times relevant hereto.

16.     Defendant Geraldine McGinty is and has been a director of the Company at all times relevant hereto.

17.     Defendant Morris Panner is and has been a director of the Company at all times relevant hereto.

18.     Defendant Pamela S. Puryear is and has been a director of the Company at all times relevant hereto.

19.     Defendant David Sides has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

20.     Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

4

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

21.     On September 6, 2023, the Company announced in relevant part:

REMOTE-FIRST COMPANY/NEW YORK--(BUSINESS WIRE)-- NextGen Healthcare, Inc. (Nasdaq: NXGN) ("NextGen Healthcare" or the "Company"), a leading provider of innovative, cloud-based healthcare technology solutions, today announced that it has entered into a definitive agreement to be acquired by Thoma Bravo, a leading software investment firm.  Upon completion of the transaction, NextGen Healthcare will become a privately held company.

Under the terms of the agreement, NextGen Healthcare shareholders will receive $23.95 per share in cash.  The per share purchase price represents a 46.4% premium to the Company's unaffected closing stock price on August 22 (the last trading day prior to published market speculation regarding a potential transaction involving the Company) and a 39.2% premium to the 30-day volume-weighted average price for the period ending September 1.

"Under the terms of the agreement, NextGen Healthcare shareholders will receive significant immediate cash value for their shares.  In addition, with Thoma Bravo as a partner, the Company will benefit from increased capital, expertise and strategic flexibility to accelerate the Company's leadership in providing healthcare technology solutions," said David Sides, President and Chief Executive Officer of NextGen Healthcare.  "Thoma Bravo has a 20+ year record of investing in premier companies in the software and technology sectors. We look forward to joining forces to deliver on our mission of Better Healthcare Outcomes for All."

Jeffrey H. Margolis, Chair of the NextGen Healthcare Board of Directors, added, "The agreement with Thoma Bravo validates NextGen Healthcare's substantial strength and follows interest in the Company by many parties.  It is the result of a deliberate process to maximize shareholder value and best position NextGen Healthcare for continued growth and success.   The agreement delivers significant cash value to our shareholders and creates exciting opportunities for NextGen Healthcare's employees and clients."

"NextGen Healthcare's mission-critical EMR software and surround solutions are the backbone of ambulatory practices across the United States," said A.J. Rohde, a Senior Partner at Thoma Bravo.  "We are so proud to be working with NextGen Healthcare in its next phase as a private company and look forward to continued product innovation to better support NextGen Healthcare's thousands of highly-valued customers."

"We have followed NextGen Healthcare's impressive business transformation for many years and are excited to apply Thoma Bravo's strategic and operational expertise to drive continued growth and innovation," said Peter Hernandez, a Vice President at Thoma Bravo.  "We look forward to partnering with the NextGen Healthcare team to further accelerate product investments to better support the increasingly complex needs of ambulatory providers and ultimately improve patient outcomes."

**Transaction Details**

The transaction, which was approved unanimously by the NextGen Healthcare Board of Directors, is expected to close in the fourth calendar quarter of 2023, subject to customary closing conditions, including approval by NextGen Healthcare shareholders and the receipt of required regulatory approvals.  The transaction is not subject to a financing condition.

Upon completion of the transaction, NextGen Healthcare's common stock will no longer be listed on any public stock exchange.

**Advisors**

Morgan Stanley & Co. LLC is acting as financial advisor to NextGen Healthcare, and Latham & Watkins LLP is acting as legal advisor.

William Blair & Company is acting as financial advisor to Thoma Bravo, and Goodwin Procter LLP is acting as legal advisor.

**The Materially Incomplete and Misleading Proxy Statement**

22.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on October 6, 2023  The Proxy Statement, which recommends that NextGen stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses underlying the fairness opinion provided by financial advisor Morgan Stanley & Co. LLC ("Morgan Stanley"); and (c) Morgan Stanley's and Company insiders' potential conflicts of interest.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

23.     The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including the Company's forecasted unlevered free cash flows for 2024 through 2028.[4]

24.     The Proxy Statement also fails to disclose NextGen's net operating profits after tax across the projection period ("NOPAT"), as well as the line items underlying NOPAT and the Company's forecasted Adjusted EBITDA and EBIT.

*Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by Morgan Stanley*

25.     The Proxy Statement fails to disclose material information concerning the financial analyses prepared by Morgan Stanley.

26.     With respect to the *Discounted Cash Flow Analysis* performed by Morgan Stanley, the Proxy Statement fails to disclose the Company's terminal values and fully diluted outstanding shares.

27.     With respect to the *Public Trading Comparables Analysis* and *Precedent Transactions Multiples Analysis* performed by Morgan Stanley, the Proxy Statement fails to disclose the respective financial metrics for each of the selected companies and transactions analyzed by the financial advisor.

28.     With respect to the *Unaffected Broker Price Targets* analysis performed by Morgan Stanley, the Proxy Statement fails to disclose the individual price targets observed and

---

[4] According to the Proxy Statement, Morgan Stanley relied upon these forecasts in preparing a *Discounted Cash Flow Analysis* for the Company in connection with the financial advisor's fairness opinion.  *See* Proxy Statement at 50-51.

their respective sources.

*Material Misrepresentations and/or Omissions Concerning Relevant Events Critical to the Consummation of the Proposed Transaction*

29.     The Proxy Statement fails to disclose material information concerning the terms of the confidentiality agreement into which the Company entered with an interested party during the go-shop period, including whether that agreement contains a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding the interested party from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Morgan Stanley's and Company Insiders' Potential Conflicts of Interest*

30.     The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Morgan Stanley, including the fees Morgan Stanley has received, or expects to receive, in connection with acting as a lender to certain portfolio companies of Thoma Bravo and as an administrative agent with respect to credit facilities of certain portfolio companies of Thoma Bravo.[5]

31.     The Proxy Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest, including whether any of Thoma Bravo's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.  The Proxy Statement similarly fails to disclose the details of any communications or negotiations concerning NextGen management's participation in the combined company.

---

[5] *See* Proxy Statement at 54.

32.     The omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information," "Opinion of Morgan Stanley & Co. LLC," "Background of the Merger," and "Interests of the Directors and Executive Officers of NextGen in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

33.     Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and NextGen**

34.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  NextGen is liable as the issuer of these statements.

36.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

42.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43.     The Individual Defendants acted as controlling persons of NextGen within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of NextGen and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly,

the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

44.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

46.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as

follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  October 13, 2023                          **LONG LAW, LLC**

                                                  By:   */s/ Brian D. Long*
                                                        Brian D. Long (#4347)
                                                        3828 Kennett Pike, Suite 208
                                                        Wilmington, DE 19807
                                                        Telephone: (302) 729-9100
                                                        Email: BDLong@LongLawDE.com

                                                        *Attorneys for Plaintiff*